Opinion by
Will-son, J.
§ 99. Certiorari; petition for must show want of jurisdiction, or that injustice has been done without fault of applicant; petition held insufficient. This suit was originally brought in justice’s court by appellee to recover of appellant $116.83, the alleged value of a box of goods alleged to have been shipped over appellant’s road from Brenham, Texas, to A. Zekind, at Hastings, Minnesota. Appellant pleaded general denial, and specially that the box of goods had been delivered at the place of destination. In justice’s court judgment was rendered against appellant in favor of appellee for the amount sued for, interest and cost. Appellant brought the case before the county court by certiorari. Upon motion of appellee the certiorari was dismissed, and judgment for costs was rendered against appellant, and that a writ oí procedendo issue commanding the justice of the peace to enforce the judgment of his court, etc.
We are of the opinion that the court did not err in sustaining the motion to dismiss the certiorari. It is pro *81 videcl by statute that, “in order to constitute a sufficient cause (for certiorari), the facts stated must show either that the justice of the peace had not jurisdiction, or that injustice was done to the applicant by the final determination of the suit or proceeding, and that such injustice was not caused by his own inexcusable neglect.” [R. S. art. 303.] It is not pretended in this case that the justice’s court was without jurisdiction to render the judgment. As the only cause for certiorari it is alleged that at the time of the trial the box of goods, the value of which was sued for, had been delivered at Hastings, Minnesota, the place to which they had been shipped. It is not alleged, however, that this fact was proved or attempted to be proved on the trial before the justice of the peace, nor is any reason shown why appellant’ did not then make proof of the fact. Appellant had pleaded a delivery of the goods, and, to make good this defense, of course the fact would have to be proved, and the burden of producing such proof devolved upon appellant. Failing to produce such proof, of course this defense failed, and there was no error in the judgment of the justice, if appellee proved his cause of action and the value of the goods, and it is not claimed that he failed to do this. If appellant went to trial without evidence to prove its defense,, it was a neglect of its own of which it cannot be heard to complain. We think the petition fails to show that injustice has been done appellant by the judgment of the justice, or that, if any injustice has been so done it, the same was not caused by its own inexcusable neglect. A party is not entitled to have a certiorari on account of any matter of which he might have availed himself before the justice, but which, without any apparent excuse, he neglected to urge. TW. & W. Con. Rep. § 853.]
January 23, 1884.
Affirmed.